UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
22-CR-20347-DPG

UNITED STATES OF AMERICA

vs.

ANDRES CALERO CASTRO,

    **Defendants.**
_____/

**FACTUAL PROFFER**

The United States and Defendant ANDRES CALERO CASTRO ("Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts pertaining Smuggling, in violation of Title 18, United States Code, Section 545:

On July 12, 2022, the Defendant arrived on at Miami International Airport on American Airlines Flight 1142 from Cali, Colombia. Upon his arrival, United States Customs and Border Protection ("CBP") officers selected the Defendant for a secondary inspection. The Defendant filled out a binding United States Customs Declaration Form 6059B ("Form 6059B") and knowingly and willfully provided a false statement that he did not have anything to declare. CBP officers conducted a search of Defendant's person, which revealed a gold necklace and a gold bracelet valued at approximately $25,000. The Defendant knew the necklace and bracelet were valued at approximately $25,000 and willfully did not declare the items he smuggled into the United States.

Further investigation revealed that the Defendant had repeatedly smuggled gold into the United States. Defendant is the employee of a Company 1 and Company 2 that smuggled approximately 119 packages containing gold into the United States from Cali,

Columbia between December 22, 2018 and May 10, 2022. The packages were destined for Company 3, a Florida company located in Miami, Florida owned by a Co-Conspirator. To disguise the gold, the packages were declared primarily as "electronic connectors" among other names. The Defendant knew the gold must be invoiced and acted willfully to defraud the United States when the gold was not declared and shipped from Columbia to the United States.

The approximate value of the gold contained in the 30 shipments sent between February 11, 2021 through May 10, 2022 was approximately $4,641,503.24.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove the Indictment beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/24/23    By: _____
STEPHEN J. DEMANOVICH
ASSISTANT UNITED STATES ATTORNEY

Date: 1/24/23    By: _____
LEONARDO CONCEPCION, ESQ
ATTORNEY FOR DEFENDANT

Date: 1/24/23    By: _____
ANDRES CALERO CASTRO
DEFENDANT